## Case No. 15,178.

### UNITED STATES v. FURLONG.

[2 Biss. 97;[1] 9 Int. Rev. Rec. 35; 16 Pittsb. Leg. J. 213, 243.]

District Court, N. D. Illinois. Jan., 1869.

INTERNAL REVENUE—DISTILLER—FALSE RETURNS —ESTIMATES.

1. Under an indictment under the act of 1866 [14 Stat. 98], the government, claiming that a distiller must have used more material and manufactured more spirits than he returned, is bound to prove that such was necessarily the fact, and must exclude any other conclusion.

2. To sustain the theory that a given amount of material will produce a certain quantity of spirits, it must be shown that this is a necessary and unavoidable inference from the facts proved.

The defendant was a distiller in the spring of 1868. In accordance with instructions from the commissioner of internal revenue, two officers of the government visited his distillery on each of ten successive days, measured his tubs, and calculated how much spirits he should have made on the theory now incorporated into the act of July 20, 1868 [15 Stat. 125], that forty-five gallons of the meal and water combined represented one bushel of grain. This was an indictment for false returns. There was no evi-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

dence to impeach the returns other than the above calculations.

Jesse O. Norton, U. S. Dist. Atty.

George C. Bates and Leonard Swett, for defendant.

DRUMMOND, District Judge (charging jury). There is no question as to the amount of material reported, and the quantity of spirits returned. The questions are: 1st, whether defendant did not use in the distillation of spirits more grain than he reported, and, 2nd, whether he must not have made more spirits than appear by his returns. As to the first, the prosecution claiming that from the nature, character and number of the mashes proved he must have used more material than he reported, it is necessary that the testimony exclude any other conclusion than that insisted upon by them.

As to the second—the theory of the prosecution is that every bushel of material must produce and does produce at least twelve quarts of spirits. Various witnesses have testified that a certain quantity of material will generally produce a certain quantity of spirits, but the estimated produce of a bushel varies from seven to eighteen quarts. The general effect of the testimony is that the usual product is about thirteen or fourteen quarts, varying according to the character of the machinery, the state of the weather, and other circumstances. The reports of defendant show that he made about nine and a half quarts. If he actually made more than that, or has manufactured more than he has returned, of course he is guilty. The prosecution seeks to draw a certain inference from a given state of facts, and it is incumbent upon them to show that such inference is necessary and unavoidable from the facts proved. They must show that considering the machinery operated by defendant, the material used, and all the attendant circumstances, the product must necessarily have been greater than returned, and must effectually negative any other conclusion.

Verdict—Not guilty.

[The charge of DRUMMOND, District Judge, as published in the Chicago Journal, and reprinted in 9 Int. Rev. Rec. 35, was as follows:]

DRUMMOND, District Judge. The defendant was a distiller in the spring of 1868. The law at that time made it the duty of the defendant to make or cause to be made true and exact entries, in a book to be kept by him, of the number of pounds or gallons of materials used by him; the number of gallons of spirits distilled, and the proof thereof; the number of gallons sold, with the proof thereof, and the name and place of business or residence of the person to whom sold.

The first count in the indictment is that the defendant violated these provisions of the law in neglecting to enter in a book kept for

that purpose, the true quantity of the number of pounds or gallons of material, and, also, that he neglected to enter in such book the number of gallons of spirits distilled; the number of gallons sold; the name and place of business or residence of the person to whom sold. The law also declared that the distiller should, on the 1st, 11th, and 21st day of each month, or within five days thereafter, render to the assessor or assistant assessor, an account in duplicate, taken from his books in the particulars hereinbefore recited, and verified by oath of all the facts occurring after the last day of the account preceding. The second count charges the defendant with having violated this provision of the law, in that he neglected to make to the assessor a true return on the 1st, 11th, and 21st days of each month, or within five days thereafter, from the 17th day of April, 1868, until the 1st day of May. The law also declared that if any person removed any distilled spirits from the place where the same were distilled, otherwise than into a bonded warehouse, he incurred a certain penalty, and was liable to punishment. The third count in the indictment charges the defendant with having violated this provision of the law. So that the offence charged in the indictment consists of these several items: In the first place, that he neglected to make the entry in his books, as required by law, of the amount of his material used, and the quantity of liquor that he distilled, and what he had sold, and the name and place of business of the person to whom sold; secondly, that in the particulars just named, to wit: in the quantity of material, and the quantity of spirits, and of the amount sold, true returns were not made to the assessor; thirdly, that he removed the spirits that he distilled to a place other than to a bonded warehouse.

The question is whether the defendant is guilty of all or any one of the offences charged in the indictment. Every defendant, when he is arraigned before a court of justice, is presumed to be innocent. It is incumbent on the prosecution to satisfy the jury beyond a reasonable doubt that he is guilty of some one of the offences set forth in the indictment; therefore it is incumbent on the prosecution in this case to satisfy you, beyond a reasonable doubt, that the defendant is guilty in all or in some one of these particulars. The question for you to determine is, whether he is or is not guilty of all or any one.

It is alleged that he is guilty on two grounds: First, that he has not made a proper entry in his books as to the material that he used, because it is claimed that upon the evidence which is before you as to the mashes which were made, that it is a conclusion following from that evidence that he had more material than he has returned. Secondly, that he has not returned the proper quantity of spirits distilled, because if he had made the proper entries and returns, he would have shown that he distilled more spirits than there appears to have been returned, because the material which it is clear he used would have produced a greater quantity of distilled spirits.

You will observe that the prosecution seeks to draw an inference from a given state of facts. That inference, as I have already said, must be the necessary and inevitable inference from that state of facts, in order to warrant the conclusion. That is to say, it must necessarily follow that the product, under the circumstances which existed as shown by the evidence, under which this material was manufactured, that there ought to have been a greater product. As for example: Taking the distillery of the defendant, the machinery he operated, the material that he used, taking all these together, that the product ought to have been greater. If you think that the evidence tends to that conclusion, and there are certain circumstances which were within the knowledge and ability of the defendant to establish which might thrown light upon it, and he has not done so, then, of course, the inference would be against the defendant; as, for example, if it appeared that in a case where the same kind of grain was used, and the same sort of machinery, the product was greater than the defendant has shown that he produced on this occasion, then it would seem, if there was any special character connected with it which has not been shown, and which it was incumbent on the defendant to establish, and he has not done so, the inference would be against him, precisely as in the case of the prosecution.

If there is evidence which it is in the power of the prosecution to bring forward to indicate that the defendant has committed the offence which is charged in the indictment, and it has not been done, then, of course, the inference is against the prosecution. For example, if there were government officials examining the operations of this distillery and they had it in their power to see it operate, and what was going on and make manifest any wrong which the defendant was committing, and then have not done so, then the inference would be against the prosecution. The rule applies to the prosecution as well as to the defendant that if upon a given state of facts there are certain conclusions—necessary, inevitable conclusions—to be drawn, and there were other facts in the power of either party to produce, and they have not produced them, then these conclusions would follow. If there are any facts which would impair or affect those conclusions, and they have not been produced, then, of course, the conclusions would follow. But, I mean by that, that the defendant should not be convicted without the conclusions necessarily follow from the nature and character of the evidence and beyond a reasonable doubt.

The jury returned a verdict of "Not guilty."